**UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF TEXAS, BEAUMONT DIVISION**

| | |
|---|---|
| DEBORAH JARMON, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   No. |
| | § |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | § |
| | § |
| Defendant. | § |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

DEBORAH JARMON (Plaintiff), through her attorneys, KROHN & MOSS, LTD., allege the following against COLE, TANNER & WRIGHT, INC., (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Texas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Beaumont, Jefferson County, Texas.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national debt collection company and with an office in Norfolk, Virginia.

## FACTUAL ALLEGATIONS

10. Defendant placed collection calls to Plaintiff, almost on a daily basis, seeking and demanding payment for an alleged debt.

11. On March 12, 2011, Defendants called Plaintiff twice seeking and demanding payment for an alleged debt.

12. During the March 12, 2011 conversations, Plaintiff told Defendant to stop calling her because she was not going to pay an 18 year-old debt.

13. Despite being notified by Plaintiff and that she was not interested in paying the debt and to stop contacting her, on March, 14, 2011, March 15, 2011 and March 17, 2011, Defendant called Plaintiff seeking and demanding payment for an alleged debt.

14. On April 8, 2011, a cease and desist letter was sent to Defendant, requesting them to stop contacting Plaintiff.  (See Exhibit "A").

15. Despite receiving the cease and desist letter from Plaintiff, Defendant continued contacting Plaintiff seeking and demanding payment for an alleged debt.

16. On April 14, 2011 at 11:18 a.m., Defendants called Plaintiff twice seeking and demanding payment for an alleged debt.

17. On April 15, 2011 at 10:23 a.m., Defendants called Plaintiff twice seeking and demanding payment for an alleged debt.

18. On April 17, 2011 at 3:09 p.m., Defendants called Plaintiff twice seeking and demanding payment for an alleged debt.

19. On April 18, 2011, Defendants called Plaintiff twice seeking and demanding payment for an alleged debt.

20. Defendant contacted Plaintiff and told her that they are an officer of the law and are giving her once last chance to pay her bill.

21. Defendant called Plaintiff from 407-347-4014 and 404-921-2521.

22. Defendant called Plaintiff's telephone number 409-767-8487.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

23. Defendant violated the FDCPA based on the following:

    a. Defendant violated §*1692c(c)* of the FDCPA by contacting Plaintiff after she sent a cease and desist letter.

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

    c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    d. Defendant violated *§1692e(1)* of the FDCPA by falsely implying that Defendant is affiliated with the State of Texas as an office of the law.

    e. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an

attempt to collect a debt by contacting Plaintiff after Defendant received Plaintiff's cease and desist letter.

WHEREFORE, Plaintiff, DEBORAH JARMON, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, for the following:

24. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

26. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:____/s/ Michael Agruss, Esq.___ _____
Michael S. Agruss (CA SBN: 259567)
Krohn & Moss, Ltd
10474 Santa Monica Blvd.
Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x235
Fax: (866) 620-2956
Email: magruss@consumerlawcenter.com

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DEBORAH JARMON, demands a jury trial in this case.

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF TEXAS

    Plaintiff, DEBORAH JARMON, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, DEBORAH JARMON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

05/02/2011
Date

*Deborah Jarmon*
DEBORAH JARMON

# **EXHIBIT A**

Deborah Jarmon

5330 Stencer Drive
Beaumont, TX 77708

Phone Number: (409) 767-8487


Portfolio Recovery Associates, LLC

120 Corporate Blvd. Suite 1
Norfolk, VA 23502


Dear Debt Collector:


**THIS LETTER SERVES AS YOUR ORGANIZATION'S ONLY WRITTEN NOTICE TO IMMEDIATELY CEASE AND DESIST CONTACTING me** with respect to the collection or attempted collection of any debt, pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b(6) and 1692c(b), et seq.  Specifically, there are to be absolutely no calls, letters, or other communications whatsoever from your agency by any collector to any other person or entity.  Do not contact me ever again, either at home, at work, by cellular phone, by mail or otherwise.

Deborah Jarmon

```
                    Fax Confirmation - Portfolio Recovery Associates, LLC.txt
Fax Confirmation -OK
7:37 AM Fax.comTo Deborah Jarmon
From: Fax.com (reports@fax.com)
Sent: Fri 4/08/11 7:37 AM
To:   Deborah Jarmon (ffax.0444@hotmail.com)


Your fax to an unknown recipient at fax number 7575180901 succeeded. FSID: 31672935
Attempts made: 1Pages delivered: 1Minutes spent delivering this fax : 0.3The baud
rate was: 26400 The following are the attempts made and the result that occured:
04/08/2011 - 00:37:05 - 0( Success )    Documents being delivered:1 Deborah Jarmon -
Portfolio Recovery Associates, LLC.doc
```